**COMMONWEALTH of Kentucky, Appellant,**

v.

**Richard Wayne TERRY, Appellee.**

No. 2007–SC–000796–DG.

Supreme Court of Kentucky.

Aug. 27, 2009.

---

**4.** *See* KY BCWC Rule XXV (Plea Agreements).

Jack Conway, Attorney General of Kentucky, James Coleman Shackelford, Assistant Attorney General, Frankfort, KY, Counsel for Appellant.

Jamesa J. Drake, Assistant Public Advocate, Julia Karol Pearson, Department of Public Advocacy, Frankfort, KY, Counsel for Appellee.

Opinion of the Court by Chief Justice MINTON.

The United States Supreme Court held more than thirty years ago that a criminal defendant could not be forced to accept representation by a state-appointed attorney so long as the defendant was "made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open."[1] Although later decisions have shown that trial courts need not use "magic words" or repeat a standardized litany before granting a defendant's request for self-representation,[2] the requirement remains that a trial court must provide a defendant proposing self-representation enough information to demonstrate that the defendant's waiver of counsel was done with "eyes open."[3]

The trial court in this appeal, exasperated with Richard Wayne Terry's insistence on the day of trial that his counsel was not prepared for trial, permitted Terry to waive representation by counsel. But the trial court failed to take steps on the record to ensure that Terry's waiver of counsel was knowing, intelligent, and voluntary. The jury ultimately convicted Terry of possession of a controlled substance (cocaine) and possession of marijuana.

On appeal, the Kentucky Court of Appeals reversed the judgment, holding that the trial court failed to follow *Faretta*. We granted discretionary review to re-empha-

---

**1.** *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (quotation marks omitted).

**2.** *See, e.g., Depp v. Commonwealth*, 278 S.W.3d 615, 617 (Ky.2009) ("*Faretta* did not require any specific form or magic words for there to be a knowing and voluntary choice to proceed pro se.").

**3.** *See, e.g., Iowa v. Tovar*, 541 U.S. 77, 88, 124 S.Ct. 1379, 158 L.Ed.2d 209 (2004) ("We have described a waiver of counsel as intelligent when the defendant knows what he is doing and his choice is made with eyes open. We have not, however, prescribed any formula or script to be read to a defendant who states that he elects to proceed without counsel. The information a defendant must possess in order to make an intelligent election, our decisions indicate, will depend on a range of case-specific factors, including the defendant's education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding.") (citation and quotation marks omitted).

Although *Tovar* deals with a waiver of counsel to enter a guilty plea, we recently applied its holding to a defendant seeking to proceed pro se at trial. *See Depp*, 278 S.W.3d at 617–18.

size, once again, that a trial court must comply with *Faretta*. Because the record does not reflect that the trial court held a meaningful *Faretta* hearing, we affirm the Court of Appeals.

## I. *FACTUAL AND PROCEDURAL HISTORY.*

The grand jury indicted Terry on one felony count of trafficking in a controlled substance (cocaine) and one count each of the misdemeanor charges of possession of marijuana and illegal use or possession of drug paraphernalia. All charges proceeded to jury trial. On the day jury selection was to begin, Terry's court-appointed counsel, Krsna Tibbs, moved for a continuance. When the trial court denied a continuance, Terry filed a motion asking the trial court to remove Tibbs as his counsel. Terry's chief complaints were that Tibbs had been too busy to meet with him in advance of trial and had otherwise failed to communicate. Tibbs offered no rebuttal to Terry's complaints.

The trial court told Terry that his motion was belated and implored Terry to "shine" and "cooperate." The trial court stated that proceedings would recess for the day after the conclusion of jury selection so that Terry would have time to consult with Tibbs. Memorably, the trial court told Terry to "put your game face on and deal with this." During a later break in jury selection, Tibbs informed the trial court, at a time when Terry was absent from the courtroom, that Terry had refused to speak to him during jury selection. Tibbs again requested a continuance. The trial court again denied the continuance, commented upon Terry's "atrocious" body language, and stated that the trial court was concerned that Terry would not return to court the next day. The trial court later informed Terry that he needed to "sit up" and "make a good impression" on the prospective jurors.

The next morning, Tibbs stated in an ex parte hearing that communications between Terry and him had broken down to the point that he could not effectively represent Terry. According to Tibbs, Terry disagreed with Tibbs's trial strategy and had even suggested that Tibbs sit at the Commonwealth's table during the trial. Terry again voiced his displeasure with Tibbs's lack of preparation.

The trial court then asked Terry if he had dealt with the court system before, to which Terry responded in the affirmative. The trial court then informed Terry that he (Terry) could not choose his own appointed counsel but that he could proceed to represent himself if he so desired. Shortly after, Terry stated, "I'll represent myself," and further vowed that Tibbs "ain't going to represent me." Without conducting any colloquy with Terry, the trial court declared, "I'm going to let him represent himself." The trial court then ordered Tibbs to remain in the courtroom but ordered him not to do anything unless requested to do so by Terry. The trial court made no findings, either oral or written, that Terry's self-representation choice was made knowingly, intelligently, and voluntarily. The trial court simply advised Terry to smile at the jurors.

The jury acquitted Terry of possession of drug paraphernalia and trafficking in a controlled substance, but the jury convicted him of the lesser-included felony offense of possession of a controlled substance (cocaine), as well as the misdemeanor offense of possession of marijuana. The jury then recommended five years' imprisonment for the possession of cocaine offense and twelve months' incarceration and a $500 fine for the possession of marijuana offense.

The trial court sentenced Terry in accordance with the jury's recommendation, after which Terry filed a direct appeal in the Court of Appeals. Rejecting other claims, the Court of Appeals vacated Terry's convictions because "[t]here was no *Faretta* hearing and no finding that Terry's waiver of counsel was voluntary, knowing, and intelligent." The Commonwealth's motion for discretionary review in this Court was limited to the *Faretta* issue.[4] We granted discretionary review and affirm the opinion of the Court of Appeals.

## II. ANALYSIS.

*Faretta* requires that a defendant seeking self-representation be "made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open."[5] Because the colloquy between a defendant and the trial court need not follow a script, a determination of whether the eyes of a defendant who seeks to represent himself were sufficiently opened is a determination that must be made on a case-by-case basis.[6] At a minimum, however, "before a defendant may be allowed to proceed *pro se*, he must be warned specifically of the hazards ahead."[7] Or, as we recently explained, "the [Tovar] Court clarified as to the Sixth Amendment that the constitutional minimum for determining whether a waiver was 'knowing and intelligent' is that the accused be made sufficiently aware of his right to have counsel present and of the possible consequences of a decision to forgo the aid of counsel."[8]

Exhortations by a trial court to a defendant to "shine" and "cooperate" and to "sit up" and to "put your game face on" are insufficient to ensure that a defendant is knowingly, intelligently, and voluntarily seeking to waive counsel. Noticeably lacking in this case is any colloquy between the trial court and Terry in which the trial court warned Terry of the hazards of self-representation or cautioned Terry about the possible consequences of waiving counsel. The trial court's brief question about whether Terry had experience with the criminal justice system, although a proper topic in a full-blown *Faretta* hearing, is insufficient to comply with *Faretta*.

We reject the Commonwealth's contention that Terry's use of some legal language in his motion to remove Tibbs as counsel, which was actually not an explicit motion to proceed with self-representation, somehow shows that the trial court met *Faretta*'s requirements. At most, Terry's motion demonstrated that Terry had some legal knowledge. But that motion did not show that Terry's later-expressed desire to waive counsel was knowing, intelligent, and voluntary.

This case is distinguishable from *Depp*, upon which the Commonwealth relies. In *Depp*, the trial court did hold a *Faretta* hearing, at which time Depp "was warned of the dangers of self-representation" and "was informed he would have to follow the rules of the court."[9] So a majority of this Court concluded, "it is clear from the record that the trial court discussed self-representation issues with the Appellant on two separate occasions, made an adequate record for this Court to review for content,

---

**4.** Terry did not file a cross-appeal on the other issues he unsuccessfully argued to the Court of Appeals. So only the *Faretta* issue is properly before us.

**5.** *Faretta,* 422 U.S. at 835, 95 S.Ct. 2525.

**6.** *Tovar,* 541 U.S. at 88, 124 S.Ct. 1379.

**7.** *Id.* at 88–89, 124 S.Ct. 1379.

**8.** *Depp,* 278 S.W.3d at 618.

**9.** *Id.*

and adequately complied with any duties it had with regard to Appellant's representation."[10] By contrast, Terry had no *Faretta* hearing at all.[11]

We held in *Depp* that a trial court must comply with *Faretta*'s baseline requirements.[12] The only real question in *Depp* was whether Depp's convictions had to be reversed because the *Faretta* hearing was not expansive enough to meet the rigid, bright-line requirements we had laid down for *Faretta* hearings in *Hill v. Commonwealth*.[13] A majority of this Court concluded that *Hill* was overly "formulaic"[14] because "imposing rigid requirements in every instance is not necessary ...,"[15] So, using *Faretta* and *Tovar* as guideposts, the majority rejected *Hill*'s bright-line approach for a more flexible, pragmatic approach in *Depp*, whereby an appellate court examines the entire record to determine if a defendant's waiver of counsel was knowing, intelligent, and voluntary.[16] *Depp*, therefore, offers no solace to the Commonwealth because the record in this case does not show that Terry's waiver of counsel was knowing, intelligent, and voluntary.

We also reject the Commonwealth's contention that Terry's conduct constitutes a forfeiture of counsel or an implied waiver of counsel.[17] The issue of whether a defendant may impliedly waive or forfeit his right to counsel by conduct is apparently a matter of first impression in Kentucky. But, as Terry's counsel correctly noted at oral argument, Terry expressly stated that he wanted to represent himself. So the doctrines of implied waiver and forfeiture are irrelevant to this case.

In short, there is nothing in the record from which we can conclusively determine that Terry knowingly, intelligently, and voluntarily waived his right to counsel. Thus, the Court of Appeals correctly determined that Terry's convictions must be vacated.

We recognize that trial courts across this Commonwealth are pressed by burgeoning dockets. And we are sympathetic to trial courts who must find a way to deal quickly with recalcitrant defendants who seek to delay the proceedings by belatedly asking to proceed pro se at or near a long-scheduled trial date. But we reiterate that a trial court may not expedite the docket by simply foregoing a *Faretta* hear-

---

**10.** *Id.* at 620.

**11.** Because there was no *Faretta* hearing, the trial court made no express findings that Terry's waiver of counsel had been made knowingly, intelligently, and voluntarily. We remind trial courts that "it is always preferable to have express findings by the trial court on record...." *Depp*, 278 S.W.3d at 619.

**12.** *Id.* at 619 ("The requirements under *Faretta* as to waiver of counsel are all that should be applied in this case.").

**13.** 125 S.W.3d 221, 226 (Ky.2004) ("In Kentucky, a trial court's *Faretta* duties manifest themselves in three concrete ways. First, the trial court must hold a hearing in which the defendant testifies on the question of whether the waiver is voluntary, knowing, and intelli-

gent. Second, during the hearing, the trial court must warn the defendant of the hazards arising from and the benefits relinquished by waiving counsel. Third, the trial court must make a finding on the record that the waiver is knowing, intelligent, and voluntary. A waiver of counsel is ineffective unless all three requirements are met.") (footnote and citations omitted).

**14.** *Depp*, 278 S.W.3d at 617.

**15.** *Id.* at 618.

**16.** *Id.* 617–19.

**17.** *See, e.g., State v. Pedockie*, 137 P.3d 716, 722–24 (Utah 2006) (setting forth requirements for waiver of counsel by conduct and of forfeiture of right to counsel).

ing and permitting a defendant to proceed pro se. In order to give guidance to trial judges across the Commonwealth, we note, with approval, the model *Faretta* hearing questions used in federal courts:

When a defendant states that he wishes to represent himself, you should ... ask questions similar to the following:

(a) Have you ever studied law?

(b) Have you ever represented yourself or any other defendant in a criminal action?

(c) You realize, do you not, that you are charged with these crimes:

(Here state the crimes with which the defendant is charged.)

(d) You realize, do you not, that if you are found guilty of the crime charged in Count I the court ... could sentence you to as much as ___ years in prison and fine you as much as ___ $___?

(Then ask [the defendant] a similar question with respect to each other crime with which he may be charged in the indictment or information.)

(e) You realize, do you not, that if you are found guilty of more than one of those crimes[,] this court can order that the sentences be served consecutively, that is, one after another?

(f) You realize, do you not, that if you represent yourself, you are on your own? I cannot tell you how you should try your case or even advise you as to how to try your case.

(g) Are you familiar with the [Kentucky] Rules of Evidence?

(h) You realize, do you not, that the [Kentucky] Rules of Evidence govern what evidence may or may not be introduced at trial and, in representing yourself, you must abide by those rules?

(i) Are you familiar with the [Kentucky] Rules of Criminal Procedure?

(j) You realize, do you not, that those rules govern the way in which a criminal action is tried ... ?

(k) You realize, do you not, that if you decide to take the witness stand, you must present your testimony by asking questions of yourself? You cannot just take the stand and tell your story. You must proceed question by question through your testimony.

(*l*) (Then say to the defendant something to this effect):

I must advise you that in my opinion[,] you would be far better defended by a trained lawyer than you can be by yourself. I think it is unwise of you to try to represent yourself. You are not familiar with the law. You are not familiar with court procedure. You are not familiar with the rules of evidence. I would strongly urge you not to try to represent yourself.

(m) Now, in light of the penalty that you might suffer if you are found guilty and in light of all of the difficulties of representing yourself, is it still your desire to represent yourself and to give up your right to be represented by a lawyer?

(n) Is your decision entirely voluntary on your part?

(o) If the answers to the two preceding questions are in the affirmative, [and in your opinion, the waiver of counsel is knowing, intelligent, and voluntary,] you should then say something to the following effect:

"I find that the defendant has knowingly[, intelligently,] and voluntarily waived his right to counsel. I will

therefore permit him to represent himself." [18]

We reiterate that no script for the trial court is required or is always and invariably sufficient for all circumstances in which a defendant seeks to waive the right to counsel. And we do not intend to say that a failure to follow the model questions listed above is reversible error. Rather, we quote these model questions because they provide what we believe to be a good guide for a *Faretta* hearing. As the model questions' relatively short length demonstrates, a proper *Faretta* hearing can be brief enough to consume only a few minutes of a trial court's time.

### III. *CONCLUSION.*

For the foregoing reasons, the decision of the Court of Appeals is affirmed; and this case is remanded to the circuit court for proceedings consistent with this opinion.

All sitting. All concur.

---

18. *United States v. McDowell*, 814 F.2d 245, 251–52 (6th Cir.1987) (slightly modified for usage in Kentucky state courts rather than federal courts).