# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.



Supreme Court of Kentucky

2016-SC-000339-MR

JEFFREY LEE KOLLEY      APPELLANT


ON APPEAL FROM HARDIN CIRCUIT COURT
V.      HONORABLE KEN HOWARD, JUDGE
NO. 15-CR-00586


COMMONWEALTH OF KENTUCKY      APPELLEE



**MEMORANDUM OPINION OF THE COURT**

**AFFIRMING**

A circuit court jury convicted Jeffrey Lee Kolley of Receiving Stolen Property (RSP), $10,000 or more; Operating a Motor Vehicle Under the Influence of Alcohol (DUI), first-offense; and of being a first-degree Persistent Felony Offender (PFO). The trial court accepted the jury's recommendation regarding punishment and imposed an enhanced sentence of twenty-years' imprisonment. Kolley appeals the resulting judgment to this Court as a matter of right.[1]

---

[1] Ky. Const. § 110(2)(b).

On appeal, Kolley cites six separate errors in the proceedings below: (1) the trial court failed to conduct a proper *Faretta* hearing before allowing him to represent himself at trial, (2) the trial court denied his directed-verdict motion on the DUI charge, (3) the trial court allowed improper testimony to establish the value of the stolen school bus, (4) the trial court failed to instruct the jury on possible lesser-included offenses to the RSP charge, (5) the trial court allowed the Commonwealth to introduce a "summary sheet" as evidence in the penalty phase of the trial, and (6) the prosecutor made an improper closing argument in the guilt phase of the trial. Only the first two claims of error are preserved in the record for appellate review. The remaining claims of error are unpreserved, and Kolley requests palpable-error review of them.

## I. FACTUAL AND PROCEDURAL BACKGROUND.

Trooper Luke Dubin arrived at the scene where a stalled school bus was impeding the flow of traffic on a busy highway. He found Kolley standing a few feet away from the bus. Kolley told the Trooper that he was a school-bus mechanic and the driver of the bus. The Trooper soon decided that Kolley was intoxicated, that he was not properly licensed to operate a bus, and that he had probably hotwired the bus. School officials who came to the scene confirmed that Kolley was neither the school-system mechanic he claimed to be nor the authorized driver of this bus. Other school officials confirmed that the bus had been stolen from its parking place on school grounds. Kolley attempted to flee the scene on foot, but Trooper Dubin restrained and arrested him.

2

Initially, Kolley had appointed counsel, and he waived grand-jury presentment of the original charges arising out of the facts of the present case. Prosecution proceeded against him by an Information that charged him with Receiving Stolen Property, More than $500 but Less than $10,000, and first-offense DUI. When resolution of those charges by plea agreement failed, the grand jury indicted Kolley on those same charges, and the case proceeded toward trial.

At a scheduled pretrial conference, the trial court inquired about the status of Kolley's defense counsel. Kolley then indicated that he intended to represent himself at trial. After engaging Kolley in a colloquy concerning his ability to represent himself, the trial court granted Kolley's request for self-representation in all further proceedings.

Shortly before the scheduled trial, the grand jury returned a supplemental indictment charging RSP, $10,000 or more, the DUI charge as originally stated, and the PFO charge. At a pretrial conference two days before trial, the trial court appointed stand-by counsel from the Kentucky Department of Public Advocacy, who assisted Kolley at trial.

## II. ANALYSIS.

### A. The trial court did not err by allowing Kolley to waive representation by counsel.

A defendant's right to counsel is guaranteed by both the Sixth Amendment of the United States Constitution and Section Eleven of the Kentucky Constitution.[2] A defendant also has the right to represent himself, if he so chooses, by waiving his right to counsel.[3] If a defendant chooses to exercise his right to proceed without legal representation, the trial court must investigate further by conducting a *Faretta* inquiry.[4] The purpose of this hearing is to ensure that the defendant's decision to proceed without counsel is made knowingly, intelligently, and voluntarily.[5] As we stated in *Commonwealth v. Terry*, "Because the colloquy between a defendant and the trial court need not follow a script, a determination of whether the eyes of a defendant who seeks to represent himself were sufficiently opened is a determination that must be made on a case-by-case basis."[6] At a minimum, the defendant must be "made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open."[7] We are convinced from this record that Kolley, an

---

[2] U.S. Const. amend. VI; Ky. Const. § 11.

[3] *Id.*

[4] *See Depp v. Commonwealth*, 278 S.W.3d 615, 617 (Ky. 2009).

[5] *Id.*

[6] *Commonwealth v. Terry*, 295 S.W.3d 819, 822 (Ky. 2009).

[7] *Id.* (quoting *Faretta v. California*, 422 U.S. 806, 835 (1975)).

4

experienced criminal litigant in both state and federal courts, was adequately apprised of the risks associated with his decision to proceed to trial in this case without counsel. The record reflects that the trial court took appropriate steps to inform Kolley of the potential perils associated with self-representation.

At the initial pretrial conference, when asked if he had counsel, Kolley responded that he would be moving forward as his own counsel. The trial court then engaged in a colloquy with Kolley asking if he had been threatened in any way, whether he was under or had any past care for mental illness or disease, whether he presently had any mental disease or illness, whether he was under treatment for drug usage, or if he was in any type of rehabilitation treatment. The answer to each was in the negative. The trial court asked Kolley if he knew how to file motions, court procedure, and the rules of evidence. And he again answered in the affirmative. The trial court then proceeded to inform Kolley that if he chose to represent himself that the court would not be able to assist him in his defense or answer questions. Furthermore, the trial court admonished Kolley that "you would be better off to have an attorney."

In addition to these warnings, the Commonwealth asserts that there was an additional *Faretta*-type hearing that took place two days before trial.[8] We know from the record before us that after this hearing, the Commonwealth

---

[8] The Commonwealth's brief notes that this hearing was not furnished to us in the record on appeal and urges us to assume, as our precedent allows, that the omitted portion of the record supports the trial court's decision. *Commonwealth v. Thompson*, 697 S.W.2d 143, 145 (Ky. 1985) (citing *Commonwealth, Dept. of Highways v. Richardson, Ky.*, 424 S.W.2d 601 (1968)).

asserts took place two days before trial, Kolley was given stand-by counsel who assisted him at trial.

Given the above facts, reflected in the briefs and record, we are satisfied that the trial court did not err in its handling of Kolley's waiver of representation.

## B. The trial court did not err in denying Kolley's directed-verdict motion.

The parties disagree about whether this alleged error is preserved. Kolley asserts the error is not preserved for appellate review, but the Commonwealth claims that the alleged error is indeed preserved. Having reviewed the record, we find that the error is preserved for our review. More specifically, as Kolley argues, we are asked to review the trial court's denial of Kolley's directed verdict motion on the DUI charge.

When deciding a directed-verdict motion, the trial court must take as true all evidence favoring the Commonwealth (non-moving party) and determine whether the evidence is sufficient to induce a reasonable jury to believe beyond a reasonable doubt that the defendant is guilty.[9] In *Commonwealth v. Benham* we stated that "On appellate review, the test of a directed verdict is, if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt, only then the defendant is entitled to a

---

[9] *Pollini v. Commonwealth*, 172 S.W.3d 418, 429 (citing *Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky. 1991)).

directed verdict of acquittal."[10] In applying this standard, we reject Kolley's argument that he was improperly denied a directed verdict.

The Commonwealth introduced sufficient evidence to survive a directed verdict motion as it applies to the DUI charge. The Commonwealth notes it produced both testimony of intoxication and physical evidence that Kolley operated the stolen bus.

Trooper Durbin testified about his initial encounter with Kolley at the location of the stalled school bus. Trooper Durbin testified Kolley was acting "bizarre," "confused," "inappropriate[ly]," with the odor of alcohol "coming off of him." Although Kolley told the Trooper he had only had consumed two beers, the Trooper thought the level of the alcohol odor indicated ingestion of quite a bit of alcohol. Furthermore, the Trooper concluded that Kolley had hotwired the bus because inside the bus the Trooper observed "a bunch of shredded wire and there were no keys in the ignition." And tools used to strip plastic from wires were found on Kolley's person. Lastly, Kolley actually admitted to Trooper Durbin that he had been operating the vehicle.

In light of the evidence presented at trial, we conclude that it would not be clearly unreasonable for a juror to find Kolley guilty of DUI. Accordingly, we conclude that the trial court did not err in denying Kolley's motion for directed verdict.

---

[10] *Benham*, 816 S.W.2d at 187.

## C. The trial court did not err in admitting evidence of the value of the school bus.

Admitting that the remainder of alleged trial errors are unpreserved, Kolley requests review under RCr 10.26,[11] under which relief may be granted upon a showing of "palpable error."[12] A finding of palpable error requires a showing that the alleged error affected the "substantial rights" of a defendant, for whom relief may be granted "upon a determination that manifest injustice has resulted from the error."[13] To find manifest injustice, the reviewing court must conclude that the error so seriously affected the fairness, integrity, or public reputation of the proceeding as to be "shocking or jurisprudentially intolerable."[14]

Having set forth the standard, we will discuss Kolley's alleged error involving the testimony of Brad Patterson, the school system's bus-garage supervisor, concerning the value of the stolen bus. Kolley argues that Patterson was not qualified to provide testimony to the value of the school bus. The entirety of the evidence establishing the value of the stolen school bus came via Patterson's testimony.

During Patterson's testimony the Commonwealth established that he had worked on the school's buses for the last twelve years. During that time, he

---

[11] Kentucky Rules of Criminal Procedure 10.26.

[12] *Id.*

[13] *Id.*

[14] *Martin v. Commonwealth*, 207 S.W.3d 1, 4 (Ky. 2006).

8

became knowledgeable about school buses. While Patterson was not directly involved in purchasing the buses, he testified that he was aware of the price paid for a new bus, approximately $86,000. And he testified that the stolen bus was a 2000 model-year diesel manufactured by International. He stated that it was in "good shape" and had a value of $11,000 to $15,000 and a useful-life expectancy of 19-20 years.

Because of Patterson's familiarity with bus maintenance and associated costs and his personal knowledge of the condition of the stolen bus, in particular, we see no basis to conclude that allowing his testimony concerning the approximate value of the stolen bus was palpable error.

### D. The trial court did not err by failing to give lesser-included offense instructions.

Kolley contends that the court erred when it failed to give a lesser-included offense instruction for the RSP charge. Specifically, Kolley contends that the trial court should have given an instruction for RSP, More than $500 but Less than $10,000.[15] Kolley further contends he should have had an instruction for unauthorized use of an automobile or other propelled vehicle.[16] We disagree.

While Kolley admits that his alleged error is unpreserved, RCr 9.54(2) helps guide our analysis.[17] RCr 9.54(2) provides "No party may assign as error

---

[15] KRS 514.110.

[16] KRS 514.100.

[17] RCr 9.54(2).

9

the giving or the failure to give an instruction unless the party's position has been fairly and adequately presented to the trial judge by an offered instruction or by motion, or unless the party makes objection before the court instructs the jury, stating specifically the matter to which the party objects and the ground or grounds of the objection." Kolley failed to object to the proposed instructions, and he failed to offer alternative instructions.

Additionally, the Commonwealth notes that all the evidence produced indicated that the value of the bus was over $10,000.00. Because there was no other evidence disputing this, even if Kolley had suggested to the trial court that he wanted the lesser-included instruction given, there was no evidence produced at trial to support it. Nor did Kolley advance his position of a lesser-included offense of unauthorized use of an automobile or other propelled vehicle.

Finding that Kolley failed to advance his claim, and had no basis to do so, we find no palpable error.

**E. The trial court did not err by admitting a written summary of Kolley's prior convictions in the penalty phase.**

Once again, this error is unpreserved. The Commonwealth draws our attention to the fact that, not only is this error unpreserved, Kolley waived any possible objection to its use by agreeing to the introduction of the summary sheet of Kolley's six prior convictions during the penalty phase of the trial.

We have examined the summary sheet of Kolley's prior convictions that was submitted to the jury. It contains a barebones summary of the properly

10

certified copies of final judgments rendered against Kolley in state and federal courts, which also appear separately as exhibits in the trial record. The summary sheet appears to provide admissible information for the jury to consider in the penalty phase of the trial. We find no basis for palpable error.

**F. The prosecutor did not err by making improper remarks during closing arguments in the guilt phase.**

Lastly, Kolley contends that the prosecutor made improper remarks during closing arguments of the guilt phase. Kolley argues that remarks made by the Commonwealth were an attempt to shift the burden of proof from the Commonwealth to the defendant. After reviewing the record, we do not find that the Commonwealth impermissibly shifted any burden to the defendant.

During the Commonwealth's closing, the prosecutor stated, "we're all responsible for our own actions, and that's simply what I'm asking you to do, hold this man responsible. If we're not responsible for our own actions we live in chaos...." We find no improper argument in this statement. Consequently, there is no palpable error.

### III. CONCLUSION.

For the foregoing reasons, we affirm the trial court.

All sitting. All concur.

11

COUNSEL FOR APPELLANT:

Robert C. Bishop

COUNSEL FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

Leilani K.M. Martin
Assistant Attorney General