# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED:  OCTOBER 29, 2020
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2019-SC-0263-T
2019-SC-0349-MR

GARY HAVEN COCHRAN                                                    APPELLANT


ON APPEAL FROM LAWRENCE CIRCUIT COURT
v.                  HONORABLE JOHN DAVID PRESTON, JUDGE
NO. 18-CR-00174


COMMONWEALTH OF KENTUCKY                                          APPELLEE


**MEMORANDUM OPINION OF THE COURT**

**<u>REVERSING AND REMANDING</u>**


Over forty-five years ago, the United States Supreme Court held a

defendant wishing to represent himself could not be forced to accept

representation by a court-appointed attorney so long as he was "made aware of

the dangers and disadvantages of self-representation, so that the record will

establish that he knows what he is doing and his choice is made with eyes

open." *Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45

L.Ed.2d 562 (1975) (citation and internal quotation marks omitted).  While no

"magic words" or specific colloquy are required, trial courts must ensure the

decision to relinquish the right to counsel and proceed *pro se* is made

"knowingly and intelligently."  *Depp v. Commonwealth*, 278 S.W.3d 615, 617

(Ky. 2009) (citing *Faretta*).  The record before us reveals the trial court failed to

ensure Gary Haven Cochran's waiver of counsel was made with his "eyes open," resulting in structural error requiring reversal and remand for a new trial.

Cochran was convicted following a jury trial for possession of a controlled substance in the first degree; fleeing or evading police in the first degree; possession of drug paraphernalia, first offense; operating a motor vehicle under the influence of alcohol or drugs, first offense; failure of owner to maintain required insurance, first offense; and being a persistent felony offender in the first degree. His punishment was fixed at twenty years' imprisonment. Cochran appealed to this Court as a matter of right.

Cochran raises five issues, most of which are unpreserved for appellate review. However, because we agree the trial court's failure to conduct a *Faretta* hearing warrants reversal and the remaining issues are unlikely to recur on remand, we need not consider nor discuss those additional arguments. As such, while a truncated recitation of the procedural history is needed for context, a detailed presentation of facts is unnecessary to resolve this appeal because the facts underlying Cochran's offenses are not relevant to the core issue presented.

Cochran was indicted on December 14, 2018, by a Lawrence County grand jury for the previously-stated offenses stemming from his arrest on October 4, 2018. Cochran's first two court-appointed attorneys were permitted to withdraw from representation based on alleged conflicts which are not fully explained in the record.

Prior to a pretrial hearing on January 25, 2019, Cochran alleged in a *pro se* motion that a conflict existed with his latest court-appointed counsel and requested he be permitted to act as co-counsel. During the hearing, Cochran's counsel informed the court he would not be arguing any *pro* se motions filed by Cochran; the motion to act as co-counsel did not include a request for a *Faretta* hearing; Cochran had the right to represent himself; and, if the trial court concluded Cochran could not adequately do so, counsel would be happy to represent him. The Commonwealth informed the court Cochran had previously been found "very competent" to represent himself following a *Faretta* hearing in a prior case and stated he believed nothing had changed since that time. Cochran then indicated his desire to act as co-counsel and have an attorney represent him who did not share offices with the previously appointed counsel. The Commonwealth responded that Cochran was entitled to "a lawyer, not the lawyer of his choosing." After sitting silent throughout the foregoing exchange, the trial court asked Cochran if he "wanted to present his motions." Cochran answered in the affirmative.

The hearing went forward on ten *pro se* motions Cochran had previously filed. Although most of the motions were summarily denied orally on the record, the trial court did grant Cochran's motion for a speedy trial, setting a jury trial for February 18, 2019. No additional discussion nor ruling—oral or written—appears on the record regarding Cochran's request to act as co-counsel.

At trial, though seated at the defense table, counsel did not actively participate nor assist Cochran in presenting his defense. Cochran conducted

3

*voir dire*, delivered opening and closing statements, called and cross-examined witnesses, lodged objections, and testified on his own behalf. Counsel's only involvement during trial was arguing motions for directed verdict and making a short statement on Cochran's behalf during the sentencing phase after Cochran had overturned counsel table in view of the jury, had been taken out of the courtroom, and had refused to return. The jury convicted Cochran on all charges and sentenced him to the maximum penalty of twenty years' imprisonment.

Our review of the record reveals nothing from which we can conclude Cochran made a knowing, intelligent, and voluntary waiver of his right to counsel. The trial court asked not a single question related to Cochran's motion to act as co-counsel to determine the propriety of the request, made no findings thereon, and never made an explicit ruling on the motion. Nowhere was Cochran warned of the dangers of self-representation or the consequences of waiving counsel. There was no attempt to comply in any way with the requirements of *Faretta*.

We reject the Commonwealth's assertion that Cochran's previous interactions with the judicial system, his basic familiarity with procedural and evidentiary rules, his ability to make objections during trial, and his qualification under *Faretta* to represent himself in a prior case, somehow obviated the need for a *Faretta* hearing in the case *sub judice*. At best, Cochran had some legal knowledge, but merely having such rudimentary knowledge does not equate to a knowing, intelligent, and voluntary waiver of the right to counsel.

4

> Because the colloquy between a defendant and the trial court need not follow a script, a determination of whether the eyes of a defendant who seeks to represent himself were sufficiently opened is a determination that must be made on a case-by-case basis. At a minimum, however, "before a defendant may be allowed to proceed *pro se*, he must be warned specifically of the hazards ahead."

*Commonwealth v. Terry*, 295 S.W.3d 819, 822 (Ky. 2009) (quoting *Iowa v. Tovar*, 541 U.S. 77, 88-89, 124 S.Ct. 1379, 158 L.Ed.2d 209 (2004)).

It is clear from the record the trial court never discussed self-representation issues or attempted to ensure Cochran was making the decision to forgo counsel with his "eyes open." The trial court's failure to comply with *Faretta's* baseline requirements constitutes structural error. "Structural errors are defects affecting the entire framework of the trial and necessarily render the trial fundamentally unfair. Such errors preclude application of the harmless error rule and warrant automatic reversal under that standard." *McCleery v. Commonwealth*, 410 S.W.3d 597, 604 (Ky. 2013) (internal citations omitted).

For the foregoing reasons, we reverse the judgment and sentence of the Lawrence Circuit Court and remand for further proceedings consistent with this Opinion.

All sitting. Minton, C.J.; Hughes, Keller, Lambert, and Nickell, JJ., concur. Wright, J., dissents by separate opinion in which VanMeter, J., joins.

WRIGHT, J., DISSENTING: While in agreement that a full *Faretta* hearing with all steps and safeguards is generally required when a defendant seeks self or hybrid-representation, I would hold this case presents a narrow exception to that general rule. During the hearing on Cochran's motion to act

as co-counsel, the Commonwealth pointed out that Cochran had recently represented himself in another case before the same trial judge. Due to this history, "the court had the benefit of knowing all the discussions it had with the Appellant, and it was aware that the Appellant knew and understood." *Depp v. Commonwealth*, 278 S.W.3d 615, 618 (Ky. 2009). The *Faretta* hearing in the prior case, Cochran acting as co-counsel in that prior case, and the trial court's history with him provided Cochran with a broader base of understanding and the trial court more opportunity to evaluate Cochran's understanding than most *Faretta* hearings.

This Court previously held that a defendant "filing a writ of habeas corpus, instituting a federal lawsuit against his appointed counsel and the Jefferson County Public Defender's Office, and arguing preservation issues before the Jefferson Circuit Court" were not a sufficient replacement for a full *Faretta* hearing in that case. *Grady v. Commonwealth*, 325 S.W.3d 333, 341 (Ky. 2010). However, there are vital differences in the facts of the case before us. In the case at bar, the parties and judge had a recent history that included a *Faretta* hearing and the trial court's finding that Cochran had knowingly and intelligently waived his right to representation. The trial court in hearing Cochran's motion to act as co-counsel should be allowed to rely on that experience with Cochran.

The facts of this case are much closer akin to *United States v. McDowell*, 814 F.2d 245, 249 (6th Cir. 1987), *abrogated on other grounds by Godinez v. Moran*, 509 U.S. 389, 396 (1993). While the Sixth Circuit's precedent is not binding upon us, we often find it instructive. In *McDowell*, the defendant

6

sought to represent himself, but the trial court did not hold an in-depth colloquy. The Sixth Circuit held:

> a fair reading of the record as a whole that McDowell understood the dangers and disadvantages of self-representation at the time he made his choice. It is clear that he was not a stranger to the courts, he knew he was entitled to counsel, and he was not faced with a situation of enduring representation by counsel he considered ineffective or being forced to proceed immediately on his own . . . . We conclude from the record that McDowell elected to defend himself at trial with his "eyes open."

In reaching its holding the Sixth Circuit noted McDowell was able to use documents to cross-examine witnesses and called witnesses to testify and testified on his own behalf. *Id.* at 247-48.

The same is true here. Cochran was "not a stranger to the courts." He was aware of his right to counsel—and equally aware of his right to represent himself, as he had recently done so in front of the same trial judge. Just like McDowell, Cochran was afforded co-counsel and not forced to proceed on his own. He cross-examined witnesses and impeached them. Cochran called witnesses to testify and testified himself—just as McDowell had. Furthermore, Cochran demonstrated knowledge of the Kentucky Rules of Evidence and the Kentucky Rules of Civil Procedure. He was certainly aware of the dangers and disadvantages of self-representation and made a knowing, intelligent, and voluntary decision to represent himself.

In examining this issue, the court must consider the purpose of the *Faretta* hearing, which is to ensure Cochran was "made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." *Faretta,*

7

422 U.S. at 835 (internal quotation omitted). Further, as noted, Cochran's motion was to be co-counsel. The dangers and disadvantages of acting as co-counsel are far less than if Cochran had represented himself without the assistance of an attorney. Cochran had recently represented himself in another case before the same trial judge. "[T]he court had the benefit of knowing all the discussions it had with the Appellant, and it was aware that the Appellant knew and understood." *Depp*, 278 S.W.3d at 618.

Cochran had a *Faretta* hearing in a prior before the same trial judge and proceeded to trial in that case representing himself. The knowledge, understanding, and experience gained from representing himself in a trial—after the trail court conducted a *Faretta* hearing–would empower Cochran with far greater understanding of the dangers and disadvantages of self-representation than any explanation from the court could achieve. The trial court must be given the benefit of its knowledge of Cochran, its discussions with Cochran and observation of Cochran's prior experience representing himself in a trial before the court.

In *Depp*, "to the extent [our caselaw] purport[ed] to require a rigid, formulaic review of waiver of counsel, [we] modified [it] to comport with common sense." 278 S.W.3d 615, 619. Today, the majority takes a step back from the precedent and "common sense" approach of *Depp* in favor of returning to a "formulaic review."

For the foregoing reasons, I would not reverse the trial court.

VanMeter, J., joins.

8

COUNSEL FOR APPELLANT:

Brandon Neil Jewell
Assistant Public Advocate


COUNSEL FOR APPELLEE:

Daniel J. Cameron
Attorney General of Kentucky

Micah Brandon Roberts
Assistant Attorney General